```
                         United States Bankruptcy Court
                              District of Arizona
In re:                                                        Case No. 19-08313-MCW
HEATHER L WISNIEWSKI                                          Chapter 13
       Debtor              CERTIFICATE OF NOTICE

District/off: 0970-2          User: stroude              Page 1 of 2              Date Rcvd: Jul 08, 2019
                              Form ID: pdf010            Total Noticed: 21
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 10, 2019.
```
db          +HEATHER L WISNIEWSKI,    5758 W SELDON LANE,     GLENDALE, AZ 85302-4650
15652308    ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
              (address filed with court:  Bank Of America,    Attn: Bankruptcy,    Po Box 982238,
                El Paso TX 79998)
15652309     +Barclays Bank Delaware,    Attn: Correspondence,    Po Box 8801,    Wilmington DE 19899-8801
15652310     +Camelback Finance Inc/Cactua Jacks,    Attn: Bankruptcy,    2440 W Camelback Rd,
               Phoenix AZ 85015-3419
15652312     +Chase Card Services,    Attn: Bankruptcy,    Po Box 15298,    Wilmington DE 19850-5298
15652320     +Phoenix Financial Services. Llc,    Attn: Bankruptcy,    Po Box 361450,
               Indianapolis IN 46236-1450
15652324     +Target,   Attn: Bankruptcy,    Po Box 9475,    Minneapolis MN 55440-9475
15652325     +USDOE/GLELSI,    Attn: Bankruptcy,    Po Box 7860,    Madison WI 53707-7860
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcynotices@azdor.gov Jul 09 2019 03:16:03      AZ DEPARTMENT OF REVENUE,
                 BANKRUPTCY & LITIGATION,    1600 W. MONROE, 7TH FL.,    PHOENIX, AZ  85007-2650
15652307       +E-mail/Text: bankruptcynotices@azdor.gov Jul 09 2019 03:16:03      Arizona Department of Revenue,
                 c/o Tax, Bankruptcy, and Collections,    1275 W. Washington Ave,    Phoenix AZ 85007-2926
15652311       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jul 09 2019 03:28:40      Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City UT 84130-0285
15652314       +E-mail/Text: bankruptcy@credencerm.com Jul 09 2019 03:19:43      Credence Resource Management,
                 17000 Dallas Parkway,    Suite 204,    Dallas TX 75248-1940
15652315       +E-mail/PDF: creditonebknotifications@resurgent.com Jul 09 2019 03:28:51      Credit One Bank,
                 Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas NV 89193-8873
15652316        E-mail/Text: cio.bncmail@irs.gov Jul 09 2019 03:16:58      IRS,    Central Insolvency Operations,
                 PO Box 7346,    Philadelphia PA 19101-7346
15652318       +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 09 2019 03:30:03
                 LVNV Funding/Resurgent Capital,    Attn: Bankruptcy,    Po Box 10497,    Greenville SC 29603-0497
15652317       +E-mail/Text: bk@lendingclub.com Jul 09 2019 03:19:14      LendingClub,    Attn: Bankruptcy,
                 71 Stevenson St, Ste 1000,    San Francisco CA 94105-2967
15652319       +E-mail/Text: bkr@cardworks.com Jul 09 2019 03:13:50      Merrick Bank/CardWorks,
                 Attn: Bankruptcy,    Po Box 9201,    Old Bethpage NY 11804-9001
15652321       +E-mail/Text: bankruptcy@pmscollects.com Jul 09 2019 03:19:55      Progressive Management Systems,
                 Attn: Bankruptcy Department,    1521 W Cameron Ave., First Floor,    West Covina CA 91790-2738
15652322        E-mail/Text: jfolan@sunwestfcu.org Jul 09 2019 03:14:05      Sunwest Fcu,
                 Attn: Bankruptcy Department,    11839 N. 28th Drive,    Phoenix AZ 85029
15652323       +E-mail/PDF: gecsedi@recoverycorp.com Jul 09 2019 03:28:31      Syncb/The Room Store,
                 Attn: Bankruptcy,    Po Box 965060,    Orlando FL 32896-5060
15652327       +E-mail/Text: bk.notices@vantagewest.org Jul 09 2019 03:17:46      Vantage West Credit Union,
                 Attn: Bankruptcy,    Po Box 15115,    Tucson AZ 85708-0115
                                                                                              TOTAL: 13

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
15652313      Ciera Timmerman
15652326      vanta
                                                                                   TOTALS: 2, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 10, 2019                              Signature:   /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 7, 2019 at the address(es) listed below:

      THOMAS ADAMS MCAVITY   on behalf of Debtor HEATHER L WISNIEWSKI tom@nwrelief.com, melissa@nwrelief.com

      U.S. TRUSTEE   USTPRegion14.PX.ECF@USDOJ.GOV

      TOTAL: 2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re
**Heather L Wisniewski**

Debtor(s).

Case No.

**CHAPTER 13 PLAN**

- ☑ Original
- ☐ Amended
- ☐ Modified
- ☐ Payments include post-petition mortgage payments
- ☑ Flat Fee/Administrative Expense
- ☐ Hourly Fee/Administrative Expense

This Plan[1] includes the following (check all that are applicable):

- ☐ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
- ☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
- ☑ Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

This Chapter 13 Plan is proposed by the above Debtor[2]. The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.
This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under 11 U.S.C. § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable non-bankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

☐ This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan:

Summarize how the Plan varies from the last Plan filed:

**(A) Plan Payments and Property to be Submitted to the Trustee.**

---

[1] "Plan" includes the original plan and any amended or modified plan.
[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq.

Plan payments start on . The Debtor shall pay the Trustee as follows:

2:19-bk-08313

$__590__ each month for month __1__ through month __60__.

The proposed plan duration is __60__ months. The applicable commitment period is __60__ months.
See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee:

```
                                                                                          
```

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All Claims.**

(1) Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

(a) *Adequate protection payments to creditors secured by personal property.*

☐ None. *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.*

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, <u>unless</u> the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|
| Camelback Finance Inc/Cactua Jacks | 2011 Chevy Equinox 93000 miles | $9,000.00 | $150 |

☐ **Nonstandard Provisions.** See Section (H)

(b) *Mortgage Conduit Payments.*

☑ None.

The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.

(2) *Administrative expenses.* Code § 507(a)(2).

(a) *Attorney fees.* Debtor's attorney has agreed to:

☑ A flat fee of $__450000__, of which $__49.00__ was paid before the filing of the case (See Local Rule 2084-3); **or**

☐ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $____, of which $____ was paid before the filing of the case.

(b) *Additional Services.* Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

(i) Before Confirmation:
☐ Adversary proceedings $.

☐ Lien Avoidance Actions $.
☐ Preparing and filing of any motion to sell property $.
☐ Other Flat Fees for $.

<span style="margin-left:2em"></span>(ii) After Confirmation
☑ Preparing and filing of Modified Plan $**750**.
☑ Responding to motion to dismiss and attendance at hearings $750.
☑ Defending motion for relief from the automatic stay $750.
☐ Adversary proceedings $.
☐ Lien Avoidance Actions $.
☐ Preparing and filing of any motion to sell property $.
☐ Other Flat Fees for $.

All other additional services will be billed at the rate of $330 per hour for attorney time and $160 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

**(c)** *Other Professional Expenses*:

|  |
|---|
|  |

**(3)** *Leases and Unexpired Executory Contracts*.

☑ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed.*

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

**(a)** *Assumed*.

No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
|  |  |  |  |

☐ **Nonstandard Provisions.** See Section (H)

**(b)** *Rejected*.

| Creditor | Property Description |
|---|---|
|  |  |

☐ **Nonstandard Provisions.** See Section (H)

**(4)** *Creditors with a Security Interest in Real Property*.

☑ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed.*

**(a)** *Claim Wholly Unsecured.* The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|

2:19-bk-08313

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
| -NONE- | | | |

(b) *No Pre-Petition Mortgage Arrears.* To the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the secured creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor |
|---|---|---|
| -NONE- | | |

(c) *Curing of Default and Maintenance of Payments.* Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed | Arrearage Amount Owed Through | Interest Rate, if applicable (i.e., HOAs) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

☐ **Nonstandard Provisions**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property.*

☐ **None.** *If "None" is checked, the rest of Section (C)(5) is not to be completed.*

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

(a) *Unmodified Secured Claims.*

☐ **None.** *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed.*

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
| Camelback Finance Inc/Cactua Jacks | 2011 Chevy Equinox 93000 miles | $12,066.31 | 7% |

☐ This debt has nonfiling codebtor(s) other than a spouse.
        Name(s) of other individual(s) liable: ____
        Post-petition payments to be made by: ☐ Trustee; or
                                                      ☐ Nonfiling codebtor.

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Modified Secured Claims.*

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed.*

Secured creditors listed below shall be paid the amount shown below as the Amount to Be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to Be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
|  |  |  |  |  |

☐ **Nonstandard Provisions.** See Section (H).

**(c) Lien Avoidance.**

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(c) is not to be completed.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|

**(6)** *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.*

☐ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed.*

All allowed claims entitled to priority treatment under § 507 shall be paid in full, pro rata:

**(a)** *Unsecured Domestic Support Obligations.* The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|
|  |  |

**(b)** Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **Arizona Department of Revenue** | 11 U.S.C. 507(a)(8) | $0.00 |
| **IRS** | 11 U.S.C. 507(a)(8) | $0.00 |

☐ **Nonstandard Provisions.** See Section (H).

**(7)** *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation

process and claims allowance.

☐ **Nonstandard Provisions.** See Section (H).

**(D) Surrendered Property.**

☐ **None.** *If "None" is checked, the rest of Section (D) is not to be completed.*

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|
| Vantage West Credit Union | 2012 Chevy Cruse |

**(E) Vesting.** Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
|  |

☐ **Nonstandard Provisions.** See Section (H).

**(F) Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
|  |

**(G) Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H) Nonstandard Provisions.** Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☐ **None.** *If "None" is checked, the rest of Section (H) is not to be completed.*
☑ Provide the detail required above.

| Nonstandard Provisions |
|---|
| **Co-debtor, Ciera Timmerman, will make all monthly payment to Vantage West Credit Union for 2012 Chevy Cruze.**  **Trustee shall not make any disbursement to such creditor.** |

**(I) Plan Summary.** If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

2:19-bk-08313

|     |     |                                                                                                                                  |     |           |
| --- | --- | -------------------------------------------------------------------------------------------------------------------------------- | --- | --------: |
|     | (1) | Trustee's compensation (10% of Total plan payments to Trustee)                                                                   | $   |  3,540.00 |
|     | (2) | Administrative Expenses (§(C)(2))                                                                                                | $   |  4,451.00 |
|     | (3) | Leases and Executory Contracts (§(C)(3))                                                                                         | $   |      0.00 |
|     | (4) | (a) Conduit Mortgage Payments (§ (C)(4)(c))                                                                                      | $   |      0.00 |
|     | (4) | (b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c))                                                               | $   |      0.00 |
|     | (5) | (a) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified.                      | $   | 12,066.31 |
|     | (5) | (b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified.                        | $   |      0.00 |
|     | (6) | Priority Unsecured Claims (§(C)(6))                                                                                              | $   |      0.00 |
|     | (7) | Unsecured Nonpriority Claims (§ (c)(7))                                                                                          | $   | 15,342.69 |
|     | (8) | Total of Plan Payments to Trustee                                                                                                | $   | 35,400.00 |

**(J)** **Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

|     |     |                                                                                             |     |        |
| --- | --- | ------------------------------------------------------------------------------------------- | --- | -----: |
|     | (a) | Value of Debtor's interest in nonexempt property                                            | $   |  20.00 |
|     | (b) | Plus: Value of property recoverable under avoidance powers                                  | $   |   0.00 |
|     | (c) | Less: Estimated Chapter 7 administrative expenses                                           | $   |   5.00 |
|     | (d) | Less: Amount payable to unsecured, priority creditors                                       | $   |   0.00 |
|     | (e) | Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $   |  15.00 |

(2) Section 1325(b) Analysis:

|     |     |                                                                             |     |           |
| --- | --- | --------------------------------------------------------------------------- | --- | --------: |
|     | (a) | Monthly Disposable Income, Form B122C-2, (if less than $0, then state $0)   | $   |  1,248.75 |
|     | (b) | Applicable Commitment Period                                                | $   |        60 |
|     | (c) | Total of Line 2(a) amount x 60                                              | $   | 74,925.00 |
| (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan |  |                                   | $   | 15,342.69 |

**Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).**

Dated: **July 5, 2019**

**/s/ Heather L Wisniewski**
**Heather L Wisniewski**
Debtor

**/s/ Tom McAvity**
**Tom McAvity**
Attorney for Debtor
**Phoenix Fresh Start Bankruptcy Attorneys**
**4742 N. 24th Street**
**#300**
**Phoenix, AZ 85016**
**602-598-5075 Fax: 1-866-241-4176**
**tom@phoenixfreshstartbankruptcy.com**